1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   NORMAN GOTCHER, JR.,                 )
                                         )
9                        Petitioner,     )    Case No. C11-156-MJP-BAT
                                         )
10       v.                              )    **REPORT AND**
                                         )    **RECOMMENDATION**
11  DEPARTMENT OF CORRECTIONS, *et al.*, )
                                         )
12                       Respondents.    )
                                         )
13  _____  )

14       *Pro se* petitioner Norman Gotcher, Jr., proceeding *in forma pauperis*, seeks 28 U.S.C. § 2254

15  habeas relief from his Washington state-court conviction for attempted residential burglary.  Mr.

16  Gotcher contends that his right to due process was violated by defective jury instructions and

17  insufficiency of the evidence.  (Dkt. 4, at 5–11.[1])  The Court recommends **DENYING** Mr.

18  Gotcher's § 2254 petition and **DISMISSING** this matter with prejudice because the state-court

19  adjudication of his claims was not contrary to, or an unreasonable application of, established

20  federal law, and was not an unreasonable determination of the facts in light of the evidence

21  presented.  *See* 28 U.S.C. § 2254(d)(1)–(2).  The Court need not hold an evidentiary hearing

22  because the record refutes Mr. Gotcher's allegations.  The Court recommends **DENYING** the

23  _____

[1] The Court refers to the pagination of the official, scanned documents rather than to the parties' pagination.

REPORT AND RECOMMENDATION- 1

issuance of a certificate of appealability.

# I.    BACKGROUND

The Washington Court of Appeals summarized the facts as follows:

> The State presented evidence that on the afternoon of November 7, 2008, Gotcher drove to the end of a long gravel road in Maple Valley, Washington, and parked at the last house. The house belonged to Rebecca Rohman. It is situated in a wooded area, and no neighboring house is visible through the trees. Gotcher parked in the driveway, his trunk facing the house.
>
> Inside the house, Rohman heard knocks at her front door. She was unnerved because strangers rarely came down the private road and her dog had begun, uncharacteristically, to growl. She looked through the peephole of the door. She saw a man smoking a cigarette and wearing dark sunglasses though it was a "dark" day. She later identified the man as Gotcher. As she gathered her dog to retreat upstairs, she heard a loud thud against the front door.
>
> She thought it was Gotcher kicking the door. She observed Gotcher walk around the house. She saw him attempt to open the locked sliding glass door at the rear of the house. Once upstairs, she watched Gotcher put her ladder up against the house, climb onto the roof, and walk around to her upstairs bedroom window. She saw his silhouette from the waist up through the closed blinds. She heard him try to open the window.
>
> Rohman called 911. Within minutes, a police helicopter in the area responded and observed Gotcher leaving the residence in a maroon sedan. The helicopter followed Gotcher and relayed his changing position to officers on the ground who had responded to the 911 dispatch.
>
> The officers stopped Gotcher, reading his rights, frisking, and handcuffing him once he left his car. They asked him if he had been to a residence in the neighborhood. Gotcher at first said that he had not. But when confronted with the fact that he had been seen at Rohman's house, he admitted he had been there to see if anyone was home. He first denied and then admitted to climbing the ladder onto the roof.
>
> Police brought Rohman to the scene of the stop. She identified Gotcher as the person who had attempted to enter her house.
>
> Gotcher did not testify and presented no witnesses. The jury found him guilty of attempted residential burglary. The jury also found the aggravating factor that the victim was home during the attempt. The court determined Gotcher's offender score at 21 and his standard range at 47.25 to 60 months. The judge sentenced Gotcher under the special drug offender sentencing alternative to 26.81 months'

incarceration and 26.81 months in community custody. Gotcher appeals.

> Without objection, the court instructed the jury that "a person commits the crime of attempted residential burglary when, with intent to commit that crime, he or she does any act that is a substantial step toward the commission of that crime."

*State v. Gotcher*, 2010 WL 2807578, at *1–*2 (Wash. Ct. App. July 19, 2010). The Washington Court of Appeals rejected Mr. Gotcher's argument that the jury instructions relieved the prosecution of proving all elements of his crime. *Id.* at *1, *4. The court held that "the instructions correctly stated the law and the underlying crime," noted that the court had previously upheld an identical instruction, and determined that "[u]pon reviewing the instructions, [it] did not discover any defects, and Gotcher's proposed definition of the crime is manifestly incorrect." *Id.* at *1, *4. On January 5, 2011, the Washington Supreme Court denied Mr. Gotcher's *pro se* petition for review. (Dkt. 13 (State Court Record, hereinafter "SCR"), Exh. 8.) The mandate on the direct appeal issued on February 15, 2011. (SCR, Exh. 9.)

On January 27, 2011, Mr. Gotcher filed his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus. (Dkt. 1.) The Court later granted Mr. Gotcher's unopposed motion for an extension of time to respond to the government's Answer. (Dkt. 19.)

## II.    DISCUSSION

In his § 2254 petition, Mr. Gotcher sets forth four claims to challenge the jury instructions and the sufficiency of the evidence: (1) Jury Instructions 13 and 15 relieved the State of its burden of proving the lesser included offense of attempted first-degree criminal trespass (Dkt. 4, at 5); (2) Jury Instruction 5 relieved the State of its proving the elements of attempted residential burglary (*id.* at 7); (3) Jury Instructions 7, 10, and 11 relieved the State of its burden of proving every element of attempted residential burglary beyond a reasonable doubt and confused the jury (*id.* at 8); and (4) the State failed to prove beyond a reasonable doubt that he intended to commit

a crime inside of the residence (*Id.* at 10).

The Court and the parties agree that Claims 2 and 4 are fully exhausted.  The Court disagrees with respondents' contention that Mr. Gotcher failed to exhaust Claims 1 and 3 as legal grounds for relief.  Regardless, Mr. Gotcher's claims fail on the merits because he cannot demonstrate that the state-court adjudication was contrary to, or an unreasonable application of, established federal law, and was not an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(b)(2),[2] (d)(1)–(2).[3]

## A.  Exhaustion

To satisfy the exhaustion requirement, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *see Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review").  A petitioner fairly presents a federal claim only if he alerts the

---

[2] Section 2254(b)(2) provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

[3] Under the "contrary to" clause of § 2254(d)(1), a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 405 (2000).  Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.* at 407-09.  When the state court's application of governing federal law is challenged, its decision "must be shown to be not only erroneous, but objectively unreasonable."  *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (citation and quotation marks omitted); *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  "[S]tate court findings of fact are presumed correct unless rebutted by clear and convincing evidence."  *See* 28 U.S.C. § 2254(e)(1); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003).  The state appellate court's factual findings are entitled to the same presumption of correctness afforded to the trial court's findings.  *Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004).  It is an open question, however, whether state factual findings are presumed correct, in accordance with § 2254(e)(1), when examining the state-court's factual findings under § 2254(d)(2), such that it is prudent to examine such determinations under the more lenient reasonableness standard.  *See Wood v. Allen*, __ U.S. __, 130 S. Ct. 841, 849 (2010).  Although the term "unreasonable" is difficult to define, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Id.*

state court that his claim rests on the federal Constitution. *Fields v. Waddington*, 401 F.3d 1018, 1020–21 (9th Cir. 2005). In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis. *Id.*

The Court finds, and respondents concede, that Mr. Gotcher exhausted Claims 2 and 4 in state court. The Court disagrees, however, with respondents' contention that Mr. Gotcher failed to exhaust Claims 1 and 3 because he did not present them to the Washington Court of Appeals.[4] The Court finds that Mr. Gotcher unequivocally presented Claim 3 to the state appellate court. Furthermore, the Court finds that if Mr. Gotcher's *pro se* brief before the state court of appeals is read liberally, he also substantively exhausted Claim 1 as a legal ground for relief.

### 1.    Claim 3 (Challenge to Jury Instructions 7, 10, 11)

Mr. Gotcher fairly presented Claim 3 as a federal constitutional issue in the state court of appeals and state supreme court. In the state court of appeals, his *pro se* brief listed as a heading one of his primary arguments: "Instruction[]s 7, 10, and 11, Relieved the State of its Burden of Proving the Elements of the Crime of Residential Burglary." (*Pro Se* Wash. Ct. App. Br., at 25.) Before the state supreme court, Mr. Gotcher reiterated the same argument. (*Pro Se* Wash. S. Ct. Br., at 9–19.) Claim 3 has clearly been exhausted.

### 2.    Claim 1 (Jury Instructions 13 and 15: Lesser Included Offense)

Although Mr. Gotcher did not cite Jury Instruction 15 in his *pro se* brief before the state appellate court, he argued for several paragraphs that Jury Instruction 13, which defines the offense "criminal trespass," was an erroneous instruction about a lesser included offense that

---

[4] It is undisputed that these claims were raised in the Washington Supreme Court, and that all of Mr. Gotcher's challenges to the jury instructions were presented as violations of the Constitution's Due Process Clause. (SCR, Exh. 4 (hereinafter "*Pro Se* Wash. Ct. App. Br."), at 24; *see* SCR, Exh. 7 (hereinafter "*Pro Se* Wash. S. Ct. Br."), at 1–5.)

relieved the State of its burden of proving attempted residential burglary.  (*Pro Se* Wash. Ct. App. Br., at 39–40 & Sworn Affidavit, at 15.)  Mr. Gotcher attached Instruction 13 to his *pro se* appellate brief.  (*Id.*, unnumbered attachment.)  When he later presented this claim to the Washington Supreme Court, he clarified and expanded his discussion of this claimed error by also referring to Instruction 15, but his substantive analysis did not meaningfully differ from the brief before the Washington Court of Appeals.  (*Pro Se* Wash. S. Ct. Br., at 1–3.)

The Court is required to construe *pro se* briefs liberally in the interests of justice, and finds that Mr. Gotcher fairly presented Claim 1 to the state courts.  *See generally Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir.1975) ("Pleadings should be liberally construed in the interests of justice, particularly when a pleader is not learned in the law.").  To the extent Mr. Gotcher referred to Instruction 13, but not to Instruction 15, in his state appellate brief, this omission had no legal consequence.  The substantive challenge contained in Claim 1 was fairly presented and reviewed by the Washington Court of Appeals.

## B.  Examination of the Merits

### 1.  Challenges to the Jury Instructions (Claims 1, 2, 3)

In Claim 1, Mr. Gotcher argues that Instructions 13 and 15 relieved the State of its burden of proving the lesser included charge of criminal trespass by providing an erroneous definition of criminal trespass.  (Dkt. 4, at 5.)  In Claim 2, he argues that Instruction 5 relieved the State of its burden of proving attempted residential burglary because it erroneously described "an attempt to attempt to commit a crime, not a completed crime."  (*Id.* at 7.)  In Claim 3,  he argues that Instructions 7, 10, and 11 relieved the State of its burden of proving attempted residential burglary because the instructions were erroneous.

To the extent Mr. Gotcher contends that these jury instructions violated the Due Process

Clause, Claims 1, 2, and 3 fail on the merits because he cannot explain, and the Court cannot discern, how the instructions were ambiguous, erroneous, or constituted unconstitutional misstatements of state law. *See Waddington v. Sarausad*, 555 U.S. 179, 190 ("Even if there is some ambiguity, inconsistency, or deficiency" in the instruction, such an error does not necessarily constitute a due process violation. Rather, the defendant mush show both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt.") (internal quotation marks and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (holding that in a federal habeas challenge, the question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned") (internal quotation marks and citations omitted). To the extent Claim 1 alleges that the jury should have been instructed on a lesser included offense, the claim lacks merit because there is no federal constitutional right to a lesser included offense instruction in a non-capital case. *See Anderson v. Calderon*, 232 F.3d 1053, 1081–83 (9th Cir. 2000), *overruled on other grounds*, *Osband v. Woodford*, 290 F.3d 1036, 1043 (9th Cir. 2002).

The Washington Court of Appeals rejected Claim 2, which was raised by Mr. Gotcher's counsel, because it had already rejected a challenge to a jury instruction identical to Instruction 5. *Gotcher*, 2010 WL 2807578, at *2–3. The state appellate court also rejected Mr. Gotcher's *pro se* challenges to the jury instructions (i.e., Claims 1 and 3) because it could not discern any instructional defects and Mr. Gotcher's proposed definition of attempted residential

burglary was "manifestly incorrect." *Id.* at * 4. Mr. Gotcher has not demonstrated that these state-court determinations were contrary to, or an unreasonable application of, established federal law, or were unreasonable determinations of the facts in light of the evidence presented.

### 2. Challenge to the Sufficiency of the Evidence (Claim 4)

In Claim 4, Mr. Gotcher argues that there was insufficient evidence to convict him beyond a reasonable doubt. (Dkt. 4, at 10.) This argument is contradicted by the record.

When evaluating a claim of insufficiency of the evidence to support a conviction, the question is not whether the Court itself believes that the evidence establishes guilt: "Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Under Washington state law, "[a] person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime," RCW § 9A.28.020(1), and "[a] person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle," RCW § 9A.52.025(1).

The Washington Court of Appeals found sufficient evidence to support all the elements of a conviction for attempted residential burglary:

> The State introduced evidence that Gotcher approached a house in a remote location and attempted to enter the house through several doors and windows. Gotcher climbed a ladder from the backyard onto the roof to attempt entry. He initially lied to police about being at the residence and climbing onto the roof. After admitting this conduct, he explained that he only wanted to see if someone was home. Given all this testimony, a reasonable jury could conclude that it was more likely Gotcher intended to commit a crime inside Rohman's house than that he merely wanted to see if anyone was home. The evidence was sufficient to prove attempted residential burglary.

*Gotcher*, 2010 WL 2807578, at *3.

Nothing suggests that the state court's evaluation of the evidence was incorrect let alone unreasonable. The Court finds that the state-court adjudication of Claim 4 was not contrary to, or an unreasonable application of, established federal law, and was not an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2).

**C. Evidentiary Hearing**

"[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Such is the case here. Mr. Gotcher is not entitled to an evidentiary hearing because the record refutes his factual allegations and legal claims of error.

**D. Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Gotcher not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Mr. Gotcher should address whether a

COA should issue in his written objections, if any, to this Report and Recommendation.

### III.     CONCLUSION

The Court recommends that Mr. Gotcher's 28 U.S.C. § 2254 habeas petition be **DENIED** and that this matter be **DISMISSED** with prejudice. The Court need not hold an evidentiary hearing because the record refutes Mr. Gotcher's factual allegations. The Court recommends **DENYING** the issuance of a certificate of appealability. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of August, 2011.



_____
BRIAN A. TSUCHIDA
United States Magistrate Judge